## POLLOCK PAPER & BOX CO. v. SOUTHWEST BOX CO.

### No. 12745.

Court of Civil Appeals of Texas. Fort Worth.
Dec. 24, 1932.

Rehearing Denied Feb. 18, 1933.

Mack & Mack, of Fort Worth, for appellant.

Virgil M. Blow and Ernest May, both of Fort Worth, for appellee.

LATTIMORE, Justice.

Appellee sued appellant, alleging the sale of paper boxes as per the following order:

"Southwest Box Co. B05156. Sand Springs, Oklahoma. Salesman's No. ——; Date 7/10/30; sold to Pollock Paper & Box; Address Ft Worth, Texas; ship to same; How ship Pool car; When rush; Terms: 1% 10 30 net; F. O. B. ——,——; Quantity 1 M; Style R.SC; Test 275#; Print No; Size 20x15½x 14½; Price Per Thousand 223 00; 5% plus overage; if you can furnish double wall at the single figures more advantageously it will be O. K.; 7/10/30—9:30 A. M. Authorized by Max Goodlin; O. K. to send double wall.

"Write printing instructions in detail on opposite side.

"To avoid mistakes, or claims on oral agreements, all orders containing complete terms must be in writing and signed by purchaser and salesman, and constitutes the only contract between purchaser and this company. Special agreements not binding unless mentioned herein. Subject to acceptance at Sand Springs Office and can be canceled only by permission of Southwest Box Co. Pollock Paper & Box Co. Purchaser; Wallace Salesman.—30035."

And acceptance:

"Southwest Box Company, Sand Springs, Oklahoma, July 25, 1930. Sold to Pollock Paper & Box Company, Fort Worth, Texas. Salesman Wallace; terms 1%—10; Net 30; Our order No. 5243; Customer's order No. ——; 1055 20x15½x14½ 275# Test DW Rsc Plain 211/5 @ $223.00 M—— $223.27. Via SL&SF 151264 Freight Prepaid 4130#.

"Please mail all remittances to Southwest Box Co., General Offices, Keokuk, Iowa. We, the undersigned, do hereby guarantee that the goods listed herein were produced or manufactured in accordance with the federal child labor act of September 1st. 1916. Southwest Box Company. Claims for shortage must be made within 5 days after receipt of goods."

It appears that Mr. Wallace, salesman for appellee, called on the Rubber Products Company, as he had often done before, and its manager told him he needed 1,000 of "our largest size boxes"; it being shown that such Products Company used three different sizes of boxes and had purchased same from appellee before this occasion. Wallace replied: "I know what you need, I have taken these orders and I know what you need better than you do." Thereupon Wallace wrote the following order:

"South West Box Co. B05151; Sand Springs, Oklahoma. Salesman's No. —— Date 7/10/30; Sold to Rubber Products Co; Address Ft Worth, Texas; Ship to Pollock Paper & Box Co. Ft Worth, Texas; How Ship Pool car; When Rush; Terms: 1% 10 days; F. O. B. Ft Worth, Texas; Quantity 1 M; Style R. S. C.; Test 275#; Print No.; Size 20x15½x14½; Price per thousand 279.00.

"It is understood and agreed that Pollock Paper & Box Co. are to deliver to us as needed in 200 to 300 lots they to bill us for boxes as we take them out. Rubber Products Co. By W. F. Collins.

"Write printing instructions in detail on opposite side.

"To avoid mistakes, or claims on oral agreements, all orders containing complete terms must be in writing and signed by purchaser and salesman, and constitutes the only contract between purchaser and this company. Special agreements not binding unless mentioned herein. Subject to acceptance at Sand

232

Springs office and can be cancelled only by permission of South West Box Co. ——— Purchaser ——— Salesman—30035."

Thereupon Wallace went to appellant and stated that he had this order, that it must be delivered about 200 at a time, that appellee had no warehouse facilities in its neighborhood, and asked if appellant would "handle it for us" at 25 per cent. less to appellant than to Rubber Products Company. The Fort Worth representative of appellant explained to Wallace that he had no authority "to buy" for appellant and called the district manager of appellant on long-distance telephone and explained to the latter, in the presence of Wallace, the situation as above outlined, and was told "to buy" if he saw fit to do so. The order above set out was thereupon executed.

The boxes, made according to specifications in appellant's order, were shipped to appellant, who attempted to deliver some of them and the Rubber Products Company refused same, on the ground that they were not suitable size and were not what the Rubber Products Company told Wallace it wanted.

On a trial the court instructed a verdict for appellee.

■■ When a person seeks to contract with another and makes a representation of fact regarding the subject-matter, he must speak the truth. He is not in most cases required to speak, but if he does and the other party relies on it, he should bear the consequences if his misrepresentations, though unintentional, have misled the other to his injury. Here Wallace represented that he had a contract with the Rubber Products Company to sell the boxes as per the order signed by Collins. Tuscany relied on that statement. We place no value on the fact that the Rubber Products Company's order was not signed by Wallace. That signature was wholly within the power of Wallace, and he may not say that the contract he said was valid, is invalid through his own failure to sign. Moreover, the signature was only required when the order "contained all the terms in writing," which this did not do, according to appellant.

■ Unless the Rubber Products Company's contract was valid, appellant is not bound. We believe that the Rubber Products Company would have been entitled to show the oral conversation leading up to the order and to deny liability on the order as written by Wallace. Moreover, the orders are undoubtedly not clear. The code language therein may be intelligible to experts in the paper box business, but it has no meaning to the ordinary understanding of the English language.

The testimony shows evidence which raises a question as to whether the reasons assigned by the Rubber Products Company for its refusal to accept were the real ones or not, and we therefore order the cause reversed and remanded for further proceedings not inconsistent with this opinion.